**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Nakisha Renee Odom, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:14-cv-00576-JMC |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Nakisha Renee Odom ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, issued in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (D.S.C.) (ECF No. 22).

The Magistrate Judge recommended the affirmation of the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) Plaintiff timely filed objections to the Magistrate Judge's Report on May 8, 2015. (ECF No. 25.) For the reasons set forth herein, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation, **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

    **I.**    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 22.) The court concludes, upon its

1

own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on February 28, 1977. (ECF No. 13-5 at 2.) On February 22, 2011, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of November 30, 1996. (*Id*. at 2–4, 10–17.) Plaintiff had a hearing before an Administrative Law Judge ("ALJ") on August 30, 2012. (ECF No. 13-2 at 27–54.) On September 13, 2012, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id*. at 21.) Thereafter, the Appeals Council denied Plaintiff's request for review. (*Id*. at 2–3.) Subsequently, on February 28, 2014, Plaintiff brought this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.)

On April 24, 2015, the Magistrate Judge issued her recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB and SSI be affirmed. (ECF No. 22.) In the Report and Recommendation, the Magistrate Judge affirms the Commissioner's finding that there was substantial evidence to support the ALJ's finding that Plaintiff did not meet the requirements of Listing 12.05C. A claimant must prove that her impairment meets all three prongs for a finding of disability under Listing 12.05C, which means she must show deficits in adaptive functioning during the developmental period, a valid IQ score of 60 through 70, and another physical or mental impairment that causes an additional and significant work-related limitation of function. (ECF No. 22 at 25 (citing *Hancock v. Astrue*, 667 F.3d 470, 475 (4th Cir. 2012)).)

At issue is whether substantial evidence supports the ALJ's determination that Plaintiff

did not meet the requirements of Listing 12.05C. Though the Report fails to discuss the first prong, the ALJ determined that Listing 12.05C was not met because Plaintiff did not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment that imposed an additional and significant work-related limitation of function. (ECF No. 13-2 at 16.) In the Report, the Magistrate Judge found that "the ALJ erred in determining that Plaintiff's impairment did not meet the third prong under Listing 12.05C, but that the ALJ's error was harmless." (ECF No. 22 at 31.) However, upon review, the ALJ's failure to describe the argument behind his findings constrains this court to find a lack of substantial evidence to support those findings.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III.     ANALYSIS

Listing 12.05C requires the satisfaction of three requirements—deficits in adaptive functioning during the developmental period, a valid IQ score of 60 through 70, and another physical or mental impairment that causes an additional and significant work-related limitation of function. Plaintiff's sole objection is to the Magistrate Judge's finding in support of the ALJ that Plaintiff did not meet the requirements of Listing 12.05C.

**A. Deficits in Adaptive Functioning Manifested during Developmental Period**

This court has previously held in determining intellectual disability that deficits in two areas of adaptive functioning satisfy the requirements of the first prong of Listing 12.05C. *Whites v. Colvin*, 2014 U.S. Dist. LEXIS 129500, at *28 (D.S.C. July 25, 2014). The categories included are "communication, self-care, home living, social/interpersonal skills, use of

community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Id*. at *29. The instant case suggests Plaintiff has difficulties in various categories including functional academic skills, communication, and work skills. A school psychologist, Dr. Durst, noted that Plaintiff had "extremely low" communication skills and was, at some point in time, enrolled in a class for the educable mentally handicapped. (ECF No. 13-7 at 27.) The record is unclear as to when Plaintiff was taken out of that class, but in 1994 a staff member also indicated that "Plaintiff may be better served in an EMD setting." (*Id.* at 3.) Additionally, as an adult, Plaintiff's "reading and spelling abilities were [most recently] assessed on a first grade level and . . . a third grade level for arithmetic." (ECF No. 13-9 at 11.) State agency consultant, Dr. Neboschick, also found that Plaintiff was moderately limited in her abilities to understand instructions, maintain concentration, and complete a normal workday without her psychologically-based symptoms interrupting her work performance. (*Id*. at 27–28.)

The ALJ offers no evidence as to why he believes Plaintiff does not have deficits in adaptive function that manifested during the developmental period. Without a clear explanation of the ALJ's reasoning, the ALJ's findings are unsubstantiated and without substantial evidence for support.

**B. Valid Verbal, Performance, or Full Scale IQ of 60 through 70**

Plaintiff was tested by Dr. Durst on December 3, 1992 at the age of 15 where she yielded a verbal IQ score of 69, a performance IQ score of 70, and a full scale IQ score of 67. (ECF No. 13-7 at 29.) Dr. Durst indicated Plaintiff "'was cooperative during testing'" and that the test results were valid. (*Id*. at 28.)

Plaintiff was again tested on May 19, 2011, when she was 34, by Dr. Rieder. (ECF No. 13-9 at 10–12.) Dr. Rieder noted Plaintiff's "'performance on assessment tasks was notably

inconsistent with . . . past assessments" and that the results "'significantly underestimate[d] her abilities.'" (*Id*. at 10–11.) During that assessment, Plaintiff yielded a verbal IQ score of 66 and a full scale IQ score of 56. (*Id*. at 11.)

Plaintiff argues it was improper for the Magistrate Judge to let the ALJ's decision stand when the ALJ invalidated the 1992 IQ test scores. (ECF No. 25 at 3.) Plaintiff asserts that the invalidation of the 1992 test scores is without explanation by both the ALJ and Magistrate Judge. (*Id*.) In 2011, Dr. Rieder suggested Plaintiff gave suboptimal effort and called into question her reliability. (EFC No. 13-9 at 12.) However, there is no evidence to show Plaintiff malingered or proved herself to be unreliable nearly twenty years prior.

Although the Magistrate Judge asserts that the ALJ sufficiently "referenced Plaintiff's daily activities, the observations of Plaintiff's treating psychiatrists, and Dr. Rieder's examination and opinion" in other parts of the analysis, without further explanation there is no reason to create a correlation that spans twenty years thereby invalidating a valid test. (ECF No. 22 at 29.) The IQ test in 1992 was deemed valid by the administering physician and Dr. Rieder's findings do not indicate that one instance of suboptimal effort invalidates Plaintiff's entire record of evaluations. The ALJ is required to explicitly indicate "'the weight given to all relevant evidence.'" *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (citing *Gorden v. Schweiker*, 725 F.2d 231 (4th Cir. 1984)). The post hoc rationalization and conclusion that led to the invalidation of the 1992 IQ test is not substantial evidence nor does it explicitly indicate the reasoning of no weight accorded to a valid test while preferring Dr. Rieder's evaluations over Dr. Durst's.

**C. Another Physical or Mental Impairment**

The ALJ improperly determined that Plaintiff's impairments did not meet the third prong

under Listing 12.05C. An impairment which imposes an additional and significant work-related limitation of function is any impairment which is defined as severe. 20 C.F.R., Pt. 404, Subp. P, Appx. 1, § 12.00(A). The ALJ found that Plaintiff had a number of severe impairments that included depressive disorder, generalized anxiety disorder, social phobia, and a learning disorder. (ECF No. 13-2 at 15–21.) However, the ALJ "erroneously concluded that Plaintiff did not have another impairment that imposed an additional and significant work-related limitation of function." (*Id.*) As such, the ALJ must properly explain and clarify his decision. As it stands, the ALJ's Listing analysis is not supported by substantial evidence and reversal is warranted and a remand is appropriate to receive clarity regarding these findings. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986).

## IV.    CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Report of the Magistrate Judge (ECF No. 22), incorporating it by reference, **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income pursuant to sentence four (4) of 42 U.S.C. § 405(g), and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 5, 2015
Columbia, South Carolina